```
           IN THE UNITED STATES DISTRICT COURT
        FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
                      AT CHARLESTON
```

**NEIL WILLIAMS,**

    **Plaintiff,**

**v.**                                    **CIVIL ACTION NO. 2:08-0042**

**RICHARD MILES, et al.,**

    **Defendants.**

## MEMORANDUM OPINION AND ORDER

    Before the court is the First Amended Complaint of plaintiff, an inmate at Mount Olive Correctional Complex ("MOCC"). (Doc. No. 78.) Plaintiff brings this action pursuant to 42 U.S.C. § 1983, alleging deliberate indifference to his medical needs on the part of the defendants in violation of the Eighth and Fourteenth Amendments to the United States Constitution. (Id.) By Standing Order entered August 1, 2006, and filed in this matter on January 17, 2008, this action was referred to Magistrate Judge Mary E. Stanley pursuant to 28 U.S.C. § 636 for her recommendation as to disposition.

    On February 18, 2009, Magistrate Judge Stanley submitted her Proposed Findings and Recommendation ("PF & R"), in which she concluded that this matter should be dismissed under the standard set forth in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007). (Doc. No. 137.) In accordance with the provisions of 28 U.S.C. § 636(b), the parties were allotted ten days, plus three mailing days, in which to file any objections to the PF & R. Plaintiff

submitted timely objections on February 24, 2009 (Doc. No. 138), of which the court has conducted a *de novo* review.  See Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985).

As the magistrate judge correctly explained, an inmate alleging an Eighth Amendment violation based on inadequate medical care must show that a prison official subjectively "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference."  Farmer v. Brennan, 511 U.S. 825, 837 (1994).  It is not enough under this standard that the inmate was the victim of negligence or even medical malpractice, and "[d]isagreements between an inmate and a physician over the inmate's proper medical care do not state a § 1983 claim unless exceptional circumstances are alleged.  Wright v. Collins, 766 F.2d 841, 849 (4th Cir. 1985).  Importantly, the right to treatment is "limited to that which may be provided upon a reasonable cost and time basis and the essential test is one of medical *necessity* and not simply that which may be considered merely *desirable*."  Bowring v. Godwin, 551 F.2d 44, 47-48 (4th Cir. 1977)(emphasis added).

After reviewing the record, including the medical records plaintiff submitted with his amended complaint and the

supplements thereto, the magistrate judge concluded that plaintiff's allegations did not rise to the level necessary to support an Eighth Amendment deliberate indifference claim. (Doc. No. 137 at 6.) She noted that, subsequent to the filing of the amended complaint, plaintiff underwent cataract surgery to his left eye. (Doc. No. 137 at 6; Doc. No. 109 at 3.) She further noted that the medical records plaintiff submitted with his amended complaint reflect that he has received care for both his eye and back problems on multiple occasions. (Doc. No. 137 at 6; Doc. No. 78.)

Although he has now received the desired surgery to both his eyes, plaintiff objects to the delay he encountered in receiving that surgery. (Doc. No. 109; Doc. No. 138 at 3.) Under some circumstances, a significant delay in medical treatment may give rise to a constitutional violation. Webb v. Hamidullah, 281 Fed. Appx. 159, 166 (4th Cir. 2008). "An Eighth Amendment violation only occurs, however, if the delay results in some substantial harm to the patient." Id. (internal citations omitted). See also Wood v. Housewright, 900 F.2d 1332, 1335 (9th Cir. 1990)("A mere delay in treatment does not constitute a violation of the Eighth Amendment, unless the delay causes serious harm.").

Substantial harm may be most persuasively demonstrated where the delay in treatment causes further injury to the inmate, but the requirement may also be met where the delay causes

-3-

unnecessarily prolonged pain and suffering.  Sealock v. Colorado, 218 F.3d 1205, 1210 n.5 (10th Cir. 2000), cited in Webb v. Driver, 313 Fed. Appx. 591, 593 (4th Cir. 2008).  Plaintiff's allegations, even if taken to be true, do not rise to the level of "substantial harm" necessary to make the delay in treatment actionable.

Although Dr. Dagher recommended on three occasions that plaintiff should receive cataract surgery to address problems with dizziness, double vision, and poor depth perception, nothing indicates that he or any other medical provider expected plaintiff's condition to worsen without immediate treatment. Indeed, plaintiff has now undergone what he seems to consider successful cataract surgery.  (Doc. No. 109.)  Moreover, it is apparent from the multiple evaluations by Dr. Dagher that plaintiff's condition was monitored during the period preceding his surgery to the left eye.  See Rylee v. Bureau of Prisons, No. 8:08-CV-1643-PMD-BHH, 2009 U.S. Dist. LEXIS 24609 (D.S.C. Mar. 9, 2009)(no Eighth Amendment violation where prison officials delayed cataract surgery but monitored inmate's condition, even though optometrist recommended surgery); Samonte v. Bauman, 264 Fed. Appx. 634, 635 (9th Cir. 2008)(delay of more than two years before cataract surgery did not amount to deliberate indifference where inmate saw doctors to monitor his condition); Cash v. Sadeghi, No. C 07-06252 JF, 2009 U.S. Dist. LEXIS 26306 (N.D.

Cal. Mar. 30, 2009)(blurriness and double vision not found to be serious medical need resulting in further significant injury or unnecessary and wanton infliction of pain if untreated); Williams v. Shelton, No. 06-95-KI, 2008 U.S. Dist. LEXIS 54394 (D.O. July 16, 2008)(delay in cataract surgery did not amount to deliberate indifference even where vision is inhibited, because delay did not cause harm).

Magistrate Judge Stanley also concluded that the care plaintiff has received for his back rebuts his claim that defendants were deliberately indifferent to his complaints of back pain.  The medical records plaintiff attached to his amended complaint support this conclusion, as plaintiff was examined and monitored for back problems.  (See Doc. No. 78 at 24.)  It is not enough to establish deliberate indifference that plaintiff wishes to be referred to an orthopedic specialist for his back pain, or that he disagrees with his medical providers about the appropriate course of treatment.  Wright v. Collins, 766 F.2d 841, 849 (4th Cir. 1985); Bowring v. Godwin, 551 F.2d 44, 47-48 (4th Cir. 1977).  "The prisoner's allegations must reach constitutional dimension before a federal court will interfere with the internal operations of a state penal facility."  Russell v. Sheffer, 528 F.2d 318, 319 (4th Cir. 1975)(citing Hirons v. Director, 351 F.2d 613 (4th Cir. 1965)).

For the foregoing reasons, plaintiff's objections to the magistrate judge's PF & R are **OVERRULED** (Doc. No. 138), and the pending motion to dismiss (Doc. No. 86) is **DENIED** as **MOOT**.  In a Judgment Order entered of even date, the court dismisses plaintiff's amended complaint with prejudice pursuant to 28 U.S.C. § 1915A.

The Clerk is directed to send copies of this Memorandum Opinion and Order to counsel of record and to plaintiff, pro se.

It is **SO ORDERED** this 7th day of July, 2009.

> ENTER:
>
> *David A. Faber*
> David A. Faber
> Senior United States District Judge